PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

**FILED**

April 23, 2021

CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY: _____lad_____

DEPUTY

## IN THE UNITED STATES DISTRICT COURT

FOR THE _202 $\overline{3}$ ~~#~~ 2nd_ DISTRICT OF TEXAS

_Bowie County_ DIVISION

### PETITION FOR A WRIT OF HABEAS CORPUS BY
### A PERSON IN STATE CUSTODY

**DELLA LOU GRIFFIN**
PETITIONER
(Full name of Petitioner)

**WILLIAM P. HOBBY**
CURRENT PLACE OF CONFINEMENT

vs.

**2289280**
~~2279295~~
PRISONER ID NUMBER
6:21-cv-00406

**LORIE DAVIS**
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or
authorized person having custody of Petitioner)

**19F0098-202**
CASE NUMBER
(Supplied by the District Court Clerk)

---

## INSTRUCTIONS - READ CAREFULLY

1.  The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury.  Any false statement of an important fact may lead to prosecution for perjury.  Answer all questions in the proper space on the form.

2.  Additional pages are not allowed except in answer to questions 11 and 20.  Do not cite legal authorities.  Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3.  Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4.  If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, <u>and</u> (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined.  If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution.  If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5.  Only judgments entered by one court may be challenged in a single petition.  A separate petition must be filed to challenge a judgment entered by a different state court.

6.  Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7.  Mail the completed petition and one copy to the U. S. District Clerk.  The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices.  The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8.  Failure to notify the court of your change of address could result in the dismissal of your case.

## PETITION

**What are you challenging?**  (Check all that apply)

☑  A judgment of conviction or sentence,        (Answer Questions 1-4, 5-12 & 20-25)
     probation or deferred-adjudication probation.
☐  A parole revocation proceeding.              (Answer Questions 1-4, 13-14 & 20-25)
☐  A disciplinary proceeding.                   (Answer Questions 1-4, 15-19 & 20-25)
☐  Other:_____              (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about <u>the conviction for the sentence you are presently serving</u>, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1.  Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: _____

     _____ BOWIE COUNTY _____

     _____

2.  Date of judgment of conviction: _____
          count-#5

3.  Length of sentence: LIFE ALONG w/4-20 year sentences /stacked
          1 conviction /case (5 counts)

4.  Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action:_____

     TCX 19F0098-202

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5.  What was your plea? (Check one)   ☐ Not Guilty   ☑ Guilty   ☐ Nolo Contendere

6.  Kind of trial: (Check one)   ☐ Jury        ☐ Judge Only

7.  Did you testify at trial?   ☐ Yes   ☐ No

8.  Did you appeal the judgment of conviction?   ☑ Yes   ☐ No

9.  If you did appeal, in what appellate court did you file your direct appeal? _SIXTH_

    _____   Cause Number (if known): _06-19-00237CR_

    What was the result of your direct appeal (affirmed, modified or reversed)? _AFF._

    What was the date of that decision? _05-12-20_

    If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

    Grounds raised: _IAC, EXCESSIVE TIME_

    _____

    Result: _Refused_

    Date of result: _09-20_   Cause Number (if known): _PD0605-20_

    If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

    Result: _N/A_

    Date of result: _____

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed.   ☑ Yes   ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: _CCA_

    Nature of proceeding: _ART. 1107_

    Cause number (if known): _WR_

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _I A C_ _/ Invalid Plea - Due_
_Process_

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

As to any second petition, application or motion, give the same information:

Name of court: _N / A_ _____

Nature of proceeding: _____

Cause number (if known): _____

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: _____

Grounds raised: _____

_____

Date of final decision: _____

What was the decision? _____

Name of court that issued the final decision: _____

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12.   Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition?       ☐ Yes    ☒ No

   (a)   If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: _____

   _____

   (b)   Give the date and length of the sentence to be served in the future: _____

   _____

–4–

(c)    Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future?    ☐ Yes    ☐ No

## Parole Revocation:

13.    Date and location of your parole revocation: _____

14.    Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation?        ☐ Yes    ☐ No

   If your answer is "Yes," complete Question 11 above regarding your parole revocation.

## Disciplinary Proceedings:

15.    For your original conviction, was there a finding that you used or exhibited a deadly weapon?
   ☐ Yes    ☐ No

16.    Are you eligible for release on mandatory supervision?    ☐ Yes    ☐ No

17.    Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation:
   _____

   Disciplinary case number: _____

   What was the nature of the disciplinary charge against you? _____

18.    Date you were found guilty of the disciplinary violation: _____

   Did you lose previously earned good-time days?    ☐ Yes    ☐ No

   If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing:
   _____

   Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status:
   _____

   _____

   _____

19.    Did you appeal the finding of guilty through the prison or TDCJ grievance procedure?
   ☐ Yes    ☐ No

   If your answer to Question 19 is "Yes," answer the following:

   Step 1 Result: _____

–5–

Date of Result: _____

Step 2  Result: _____  _____

Date of Result: _____

**All petitioners must answer the remaining questions:**

20.    For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Summarize briefly the facts supporting each ground.  If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A.    **GROUND ONE** CONVICTION OBTAINED BY A PLEA OF GUILTY WHICH WAS UNLAWFULLY INDUCED / NOT MADE VOLUNTARILY AND MADE WITH AN UNDERSTANDING OF THE NATURE OF THE CHARGE AND CONSEQUENCES OF THE PLEA.

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

B.    **GROUND TWO:** CONVICTION OBTAINED BY THE USE OF COERCED CONFESSION AND A VIOLATION OF THE PRIVILEGE AGAINST SELF INCRIMINATION

Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

_____

_____

_____

_____

_____

C.    **GROUND THREE:** *CONVICTION OBTAINED WITH A VIOLATION OF DOUBLE JEOPARDY - EXCESSIVE AMOUNT OF TIME*

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

D.    **GROUND FOUR:** *DENIAL OF EFFECTIVE ASSISTANCE OF COUNSEL*

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

21.    Relief sought in this petition: *REVERSIAL — RESENTENCED*

22.  Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition?  ☐Yes  ☐No If your answer is "Yes," give the date on which <u>each</u> petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

_____

_____

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)?  ☐ Yes  ☐ No

23.  Are any of the grounds listed in question 20 above presented for the first time in this petition? ☐ Yes  ☐ No

If your answer is "Yes," state <u>briefly</u> what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

_____

_____

_____

24.  Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging?  ☐ Yes  ☐ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed. _____

_____

25.  Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a)  At preliminary hearing: _____

(b)  At arraignment and plea: _____

(c)  At trial: _____

(d)  At sentencing: _____

(e)  On appeal: _____

(f)  In any post-conviction proceeding: _____

–8–

(g)    On appeal from any ruling against you in a post-conviction proceeding: _____

_____

## Timeliness of Petition:

26.    If your judgment of conviction, parole revocation or disciplinary proceeding became final over
one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. §
2244(d) does not bar your petition.[1]

_____

_____

_____

_____

_____

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

    (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

_____

Signature of Attorney (if any)

_____

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

_____ (month, day, year).

Executed (signed) on _____ (date).

_____

Signature of Petitioner (<u>required</u>)

Petitioner's <u>current</u> address: _____

_____

–10–

Della Lou Griffin
U.S.
State of Texas

No. 06-19-00237-CR

# Oral Argument

Ask that plaintiff Della Griffin be able to give an oral argument in her defense due to the fact that she cannot read or write. Plaintiff did not understand the allegations as fact she maintains her innocence and would like a chance to explain herself. She was led to plead guilty even though Griffin claims her innocence still.

②

## Statement of the Case

<u>Count 1 — 4</u> sexual assault (of a child), a 2nd degree felony in violation Texas Penal Code § 22.011

<u>Count 5</u>   aggravated sexual assault (of a child), a 1st degree felony in violation of Texas Penal Code § 22.021

Judge / Court: Judge John Tidwell in the 202nd District Court of Bowie County, TX

Pleas: Della Lou Griffin pled guilty

Trial dispositions
Counts 1-4 — 20 years and a ~~10,000 fine~~

Count 5 — life and ~~10,000 fine~~

③

# Grounds for Review

1. Ineffective Assistance of Counsel

2. Unknowing and Unintellegent Plea

3. Advice Concerning Plea

4. Mental Health

5. Attorney Showing Prejudice

6. Failure to Investigate Evidence

7. Failure to Investigate Witnesses

8

9

10

④

# Argument

## Ineffective Assistance of Counsel —

Hill v. Lockhart 474 US 52

A state prisoner filed a federal habeas corpus petition alleging, inter alia, that his guilty plea was involuntary because of ineffective assistance of counsel in that his attorney advised him that if he pleaded guilty, he would become eligible for parole after serving ⅓ of his prison sentence when in fact as a second time offender he was required under Arkansas law to serve ½ of his sentence before he could become eligible for parole.

Griffin was led to believe that if she pled guilty to all charges, that the courts would go easy on her, but in fact, Griffin after being led to plead guilty was delt with in a harsh manner concerning her time.

The test for determining the validity of a guilty plea is whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant.

Griffin thought the court would go easy

⑤

on her as promised by her attorney, but
4-20 year sentences and a life sentence
is not what a intellegent choice looks like,
Griffin could not read the paperwork she
signed.

The 2 prong Strickland standard applies
to this case (1) requiring that the defendant show
that counsels representation fell below an
objective standard of reasonableness, and
that there is a reasonable probability that
but for counsels unprofessional errors, (2)
the result of the proceedings would have
been different - applies to guilty plea
challenges based on ineffective assistance
of counsel. The different result being a
trial setting with a special representitive
because Griffin in unable to read or write.
The job of Griffins attorney at the time
fell greatly below a standard of
reasonableness due to the fact the attorney
promised leniency with a guilty plea, The
test is to see whether that infirm advice
prejudiced the defendant.

~~Unknowing and unintellegent Plea~~ =
U.S. V. Nahodil 36 F.3d 323
Defendant argued that his counsel was

6

ineffective at a guilty plea hearing.
Defendants counsel rendered ineffective
assistance in advising defendant to plead
guilty despite his claims of innocence.
Griffin repeededly stated her innocence
to her attorney and the attorney for
Griffin proved ineffective because he led
her to a guilty plea. The attorney
showed prejudice as to not provide
Griffin with clear information detailed
in her court paperwork. Griffin is
illiterate so therefore needed special
care in her case. Griffin blindly
trusted her attorney as to her guilty
plea where her attorney promised leniency.
Griffin would like to envoke her 6th
Admendment right as to fair representation
and due process and to have a trial by
jury. Griffins plea therefore was unknowing
and unintellegently made due to her not
understanding proceedings and her not being
able to read paperwork for herself.

Advice Concerning Plea=
Colson V. Smith 438 F 2d 1075
The state sought review of orders of
a federal district court which held that

(7)

petitioners inmates plea of guilty was a product of fear, ignorance and the ineffective assistance of counsel and that a prima facie case of purposeful grand jury discrimination had been made out. Griffins plea was also the product of fear and ignorance not knowing the law or being literate, Griffin could not distinguish an intellegent option. After reviewing Colsons case the record showed the appellate courts could not conclude that counsel had fulfilled his duty to ascertain that his accused clients plea of guilty was voluntarily and understandingly made. The court therefore set aside the conviction. Counsel for Griffin left her in the dark not explaining or telling anyone she could not read the paperwork given at court or even read the charges against her. Special attention should have been given to ensure a fair honest proceeding in Griffins case.

## Mentel Health Issues

Loe v. U.S. 545 F. Supp 662
Psychiatric assistance is one of the expert

(8)

Services able to indigent defendants
under 3006A(e) Code of Criminal Procedure
and Rules so that the accused may
be afforded the reasonable opportunity
to procure the services of a psychiatrist
to aid him in his defense.
Griffin is bipolar and would be in need
of those services but was not given this
choice by her attorney.
Hammond V. U.S. 528 F.2d 15
Counsels erruneous advice to defendant as to
possible max sentence he would recieve if he
was convicted after trial amounted to
ineffective assistence of counsel and
rendered defendants plea involuntary.
Thomas V. Lockhart 738 F.2d 304
  It was the findings that prisoner
recieved ineffective counsel for several
reasons one he did not interview or contact
3 witnesses provided by the prisoner and he
failed to investigate the prisoners history
of mental illness.
Griffin is a mental health patient and
was on disability SSI for bipolar
depression. Her attorney did not bring up
such evidence or ask for a compentency
hearing, did not question the fact that

⑨

She Griffin was committed to Kingwood in Kingwood Texas, thier psych center also she was in Senta Cina House in Convoe, TX. This was neglected to be brought up and Griffin was rushed through the system. Therefore Griffin was prejudiced by the attorneys ineffectiveness, her attorney failed to use skill and diligence that a reasonable attorney should.

<u>Attorney Showing Prejudice</u>
   Gonzales V. U.S. 722 F. 3d 118, 130
There is " reasonable probability" that but for counsel's unprofessional errors the results of the proceeding would have been different.

If not for Griffins attorney compeling her to plead guilty to a crime she felt she was innocent of the outcome would have been different. Griffin would have recieved a trial and pushed for her innocence. Her attorneys advise was bad pushing Griffin into a horrible decision to plead guilty to a crime she is innocent of. Her attorney knew she could not read but still proceeded to have her sign muliple papers without explanation.

(10)

Just saying she was guilty and would racieve a linient sentence. Her attorney was neglegent and prejudice with no concern knowing Griffin could only sign her name but could not read or fluently write, with no concern but to close a case.

### Failure to Investigate Evidence —

Hart Vi Gomez 174 F. 3d 1067, 1070 A lawyer who fails adequately to investgate and to introduce into evidence, records that demonstrate his clients factual innocence, or that raises sufficient doubt as to that question to undermine confidence in the verdict, renders deficient performance,

Griffin to this day maintains her innocence and told her attorney the same before the plea deal, sentencing. Griffins attorney failed to investigate Griffins niece the victim in this case as to her statements made that her and Griffin lived together. Griffin states they did not. Also the niece claims she paid a electric bill but Griffin did not have any bill she lived in different motels. Griffins niece also was legally

(11)

married at 15 yrs old given permission by her mother not Griffin. These things stated should have been thoroughly researched and investigated.

## Failure to Investigate Witnesses

Hoots v. Ailsbrook 785 F. 2d 1214, 1221 counsel must ordinarily " investigate possible methods for impeaching prosecutions witnesses. Griffins attorney did not do this for her.

Montgomery v. Peterson 846 F.2d 407, 413 " counsel has a duty to contact a potential witness unless counsel can make a rational decision that investigation is unnecessary." Griffins niece the victim in this case lied about the relationship her and Griffin had. The niece said she lived with Griffin but Griffin denies that, also the niece lied about paying electric bills for Griffin. Griffins attorney did not try to impeach prosecutions witnesses or even question their validity. Griffin maintains her innocence. Nor did Griffins attorney attempt to gather exculpatory evidence or witnesses for Griffins case.

⑫

# Prayer

Prayer for relief would be asking for the courts to grant this ———— on these conditions previously mentioned. Sending the Plaintiff back through the court system either by way of an evidentiary hearing or new trial.

(13)

They D.A. had a old tape that he converted into D.U.D. The dates and timelines are not adding up. "94 "96" 97 "98

Evidence: from D.U.D I was charged with 5 charges from the tape/D.U.D. Is there a way that counsel (appointed to me) could review the evidence against me.

Hearsay: Emotional hearsay caused suicidal thoughts and attempt on myself.

Before I got arrested I reported a child molester in Montgomery County, New Canine, Texas and a drug dealer to a detective (281) 354-5511

When I went to court Woody Giles was married to my sister Jannett Giles, the victim said he was the abusing step father who also was related to the District Attorney. At the time my mind was not of a fully grown level. My niece and myself both men in our life that was abusing us. I have been suffering abuse all my life. I have

15

helped alot of people in my life. My Attorney failed to call any of my family or friends to be witnesses on my case. In stead the courts had called witnesses who didn't even know me.

Courts failed to give enough time to bring witnesses to speak on my behalf.

At No time was my niece under Age of 17

I have double charges. Same 2 charges on same date and year.

The tape used as evidence was 20 years old

I had just been released from mental hospital at time of trial. So I was Not in right frame of mind at my trial.

Also the courts said there was 5 vitems when there was not.
They only had one charge in New Canie But by time I made to Texarcana I had 4 charges.

ATC-060 (Rev. 8)
Attachment 2

## NOTICE
## INMATE NOTARY PUBLIC SERVICE

Under both Federal law (28 U.S.C § 1746) and State law (V.T.C.A. Civil Practice & Remedies Code, §132.001-132.003), inmates incarcerated in Texas may use an unsworn declaration under penalty of perjury in place of a written declaration, verification, certification, oath, or affidavit sworn before a Notary Public.

In a request for Notary Public service, each inmate must explain why an Unsworn Declaration is insufficient before Notary Public service will be provided.

**************************************************************************

*An **example** of an unsworn declaration pursuant to **State law** is as follows:*

"My name is _____ my date of birth is _____,
                    (First)        (Middle)        (Last)

and my inmate identifying number, is _____. I am presently incarcerated in

_____ in _____
        (Corrections unit name)                    (City)

_____. I declare under penalty of
    (County)          (State)        (Zip Code)

perjury that the foregoing is true and correct.

Executed on the _____ day of _____, 20____.  _____ "
                                                        (Inmate Signature)

**************************************************************************

*An **example** of an unsworn declaration pursuant to **Federal law** is as follows:*

I _Della L Griffin_ (insert inmate name and TDCJ number), being presently

incarcerated in _2289280_ (insert TDCJ unit name), in _Hobby_

_____ County, Texas, declare under penalty of perjury that the foregoing is true and correct.

Executed on the _4_ day of _8_ , 20_21_  _Della Griffin_ "
                                            (Inmate Signature)

**************************************************************************

## NOTICE
## NOTARY PUBLIC SERVICE DENIAL

Regarding your request for Notary Public service, insufficient justification was provided necessitating denied Notary Public service. However, you may proceed with an Unsworn Declaration.

_____              _____
    (Signature - Notary)                          (Date)

Dear the Board of Pardons and paroles

I am recommending a full pardon on behalf of Della lou Griffin.

I am a witness to her abuse Physically, Mentally and Sexually She was homeless and had a boyfriend ~~that was her abuser~~ that was her abuser he also made her Sale her body. She also Struggle with mental illness PTSD, bipolar disorder and Anexity She was treated at montgomery San-Jacinto house in Conroe Texas and Kingwood menta hospital in Humble Texas.

Della Lou Griffin is a loving mother and a hard working women, she loves to make others laugh and give who is in need her last I am the only Support she has it would be a blessing for her to be granted a full pardon Thank you for reading and be Safe God bless you

Sincerley
Allen Dixon    (936 - 400 - 1296)

my phone number (~~281 333 5149~~
my address is 21211 South Street new Caney, Tx 77357 I am employed with the lab for instruction Company.



# THE STATE OF TEXAS
## MANDATE

TO THE 202ND DISTRICT COURT OF BOWIE COUNTY, GREETINGS:

Before the Court of Appeals for the Sixth Court of Appeals District of Texas, on the 19th day of June, A.D. 2020, the cause upon appeal to revise or reverse your Judgment was determined; and therein our said Court made its order in these words:

Della Lou Griffin, Appellant                                No. 06-19-00237-CR

            v.                                              Trial Court No. 19F0098-202

The State of Texas, Appellee

As stated in the Court's opinion of this date, we find no error in the judgment of the court below.  We affirm the judgment of the trial court.

We note that the appellant, Della Lou Griffin, has adequately indicated her inability to pay costs of appeal.  Therefore, we waive payment of costs.

WHEREFORE, WE COMMAND YOU to observe the order of our said Court in this behalf, and in all things to have it duly recognized, obeyed, and executed.

WITNESS, the Hon. Josh R. Morriss, III, Chief Justice of our said Court of Appeals, with the seal thereof annexed, at the City of Texarkana, this the 29th day of October, A.D. 2020.

DEBRA K. AUTREY, Clerk

Debbie Autrey

DElla GriFFin
Hobby ~~SENATHI22T~~
742 Fm 712
MARliN TX
        76661





USDC Clerk
800 Franklin Av
Room 380
WACO TX
        76701

UNITED STATES
POSTAL SERVICE.                          Retail

US POSTAGE PAID
P    $0.00    Origin: 76661
             04/21/21
             485660086 -12

PRIORITY MAIL 2-DAY®

                              0 Lb 5.50 Oz
                                    1004

EXPECTED DELIVERY DAY: 04/24/21

                              C096

SHIP
TO:
   800 FRANKLIN AVE
   RM 380
   Waco TX 76701-1934

USPS TRACKING® #

9505 5145 0031 1111 1558 94